

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**FILED**

MAY - 9 2013

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

Xavier Flores, )
)
Plaintiff, )
)
v. ) Civil Action No. 13 0668
)
New York Police Department *et al.*, )
)
Defendants. )

MEMORANDUM OPINION

This matter is before the Court on review of plaintiff's six *pro se* complaints, accompanied by his applications to proceed *in forma pauperis*, which are consolidated into this one civil action. Plaintiff's application will be granted and the case will be dismissed pursuant to 28 U.S.C. § 1915(e) (2)(B)(ii) (requiring dismissal of a case upon a determination that the complaint fails to state a claim upon which relief may be granted).

Plaintiff, a homeless individual who submitted more than 30 cryptic complaints within the first two weeks of March alone, sues the New York Police Department and the New York Fire Department purportedly under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq*. Plaintiff concludes that those entities provided no services to him, but he has not stated any supporting facts and does not claim to have a disability.

A plaintiff's "allegations must be enough to raise a right to relief above the speculative level . . . ." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted); *see Aktieselskabet AF 21. Nov. 2001 v. Fame Jeans, Inc.*, 525 F.3d 8, 16 n.4 (D.C. Cir. 2008) ("We

1

have never accepted 'legal conclusions cast in the form of factual allegations' because a complaint needs some information about the circumstances giving rise to the claims.") (quoting *Kowal v. MCI Commc'ns Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994)). Plaintiff has stated no facts to support an ADA claim. Even if he had, such a claim is properly brought in the judicial district where the alleged unlawful practice occurred or where the relevant records are maintained and administered, which appears in this case to be the United States District Court for the Southern District of New York. *See* 42 U.S.C. § 12117(a) (incorporating Title VII's enforcement procedures set forth at 42 U.S.C. § 2000e-5(f)(3). A separate Order of dismissal accompanies this Memorandum Opinion.

Date: May 3, 2013

United States District Judge